IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 00-80 |
| ) | |
| TERRELL LAMONT ALLEN ) | |

**UNOPPOSED MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2)
WITH CITATION OF AUTHORITY**

Defendant, Terrell Lamont Allen ("Mr. Allen"), by his attorney, Michael J. Novara, First Assistant Federal Public Defender, respectfully files this Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

1.   Mr. Allen was sentenced on December 12, 2000 to a term of imprisonment of 121 months for an offense involving between 150 and 500 grams of cocaine base.

2.   Subsequently, the United States Sentencing Commission amended United States Sentencing Guidelines, § 2D1.1 to decrease by two levels the offense levels applicable to specific weights of cocaine base (the "Crack Amendment"). The Crack Amendment became effective on November 1, 2007.

3.    On December 11, 2007, the Sentencing Commission determined that the Crack Amendment would be retroactive effective March 3, 2008.

4.    Application of the Crack Amendment in the present case results in the lowering of Mr. Allen's Offense Level under U.S.S.G. § 2D1.1 from 34 to 32.

5.    On February 11, 2008, the Honorable Chief Judge Donetta Ambrose entered a standing order, appointing the Federal Public Defender for the Western District of Pennsylvania to represent any defendant sentenced in this district who might be eligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the Crack Amendment.

6.    Title 18, § 3582(c)(2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a

>     reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(2).

  7.  In the present case, Mr. Allen's offense involved between 150 and 500 grams of crack cocaine, resulting in an Offense Level under U.S.S.G. § 2D1.1 of 34.  After subtracting 3 levels for acceptance of responsibility, Mr. Allen's Final Offense Level was 31, with a Criminal History Category of II, resulting in a previous Guideline Range of 121 to 151 months imprisonment.  Mr. Allen's sentence of 121 months was at the low-end of his Guidelines range.

  8.  Application of the Crack Amendment to Mr. Allen's case results in the lowering of his § 2D1.1 drug Offense Level from 34 to 32.  After subtracting 3 levels for acceptance of responsibility, Mr. Allen's Final Amended Offense Level is 29, with a Criminal History Category of II, resulting in an amended Guideline Range of 97 to 121 months imprisonment.

9.  Were the Court to sentence Mr. Allen to the low end of his range, like it did at his previous sentencing, his sentence would be reduced to 97 months - a 24 month reduction. But because Mr. Allen's case involves a mandatory minimum of 120 months, this Court cannot provide Mr. Allen the full benefit of the Crack Amendment's 2-level reduction. Rather, the court can only reduce his sentence to 120 months - which represents merely a 1 month reduction.

10. In light of the foregoing, undersigned counsel requests that the Court enter an Order reducing Mr. Allen's sentence from 121 to 120 months.

11. The government, through Assistant United States Attorney Michael Ivory, consents to the granting of this motion.

12. A proposed Order, in the form approved by the Administrative Office of the United States Courts, is attached hereto.

13. Finally, Mr. Allen's current release date is September 8, 2008. Retroactive application of the Crack Amendment in the present case would result in a new release date of August 8,

2008.  Given the time the BOP usually takes to recalculate (10 days), it is respectfully requested that the Court grant this motion as soon as possible, effective immediately.

                Respectfully submitted,

                **S\ Michael J. Novara**
                Michael J. Novara
                First Assistant Federal Public Defender
                Attorney I.D. No. 66434